**United States Bankruptcy Court**
**District of New Jersey**
**Mitchell H. Cohen U.S. Courthouse**
**P.O. Box 2067**
**Camden, New Jersey   08101-2067**

JUDITH H. WIZMUR                                                                                                                  (856) 757-5126
CHIEF BANKRUPTCY JUDGE

                                              March 28, 2006

Francis Landgrebe, Esquire
71 Cooper Street
Woodbury, New Jersey  08096

William J. Malvey, Esquire
Hayt, Hayt & Landau
Two Industrial Way West
P.O. Box 500
Eatontown, New Jersey  07724-0500

**FILED**
JAMES J. WALDRON, CLERK
March 28, 2006
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Terry O'Brien, Judicial Assistant to Chief Judge Wizmur

    Re:  Jeffery Paul Kornicki and Dawn Michele Kornicki
         Case No. 05-36776/JHW
         **LETTER OPINION**

Dear Counsel:

Jeffery Paul Kornicki and Dawn Michele Kornicki, husband and wife, are debtors who filed a joint voluntary Chapter 7 petition on August 19, 2005. They received a discharge on November 18, 2005.

Mr. Kornicki purchased a Yamaha off-road or all-terrain vehicle (the "ATV") on November 10, 2000, with credit received from Household Bank. Household Bank took a security interest in the ATV. The security interest was transferred to the Oliphant Financial Corporation ("Oliphant") in 2002.

Mr. Kornicki stopped making payments on the ATV at some point.

Oliphant filed suit against Mr. Kornicki in the Superior Court of New Jersey, Special Civil Part in Camden County, and attained a judgment against Mr. Kornicki on July 21, 2005.  The Kornickis filed their Chapter 7 petition one month later.  The Kornickis now assert that Mr. Kornicki no longer has the ATV.

The Kornickis move pursuant to section 522(f)(1) to avoid four judgment liens on the ground that the judgment liens impair Mr. Kornicki's exemption in real property, the marital home, which is owned solely by Mr. Kornicki.[1]  Two of the judgment creditors, including Capital Bank One and Laridian Consulting, assignee of Citibank, have not responded to the motion.   The motion was granted as to these two creditors.

Oliphant, which holds the other two judgments, one of which is against Mr. Kornicki, and the other against Mrs. Kornicki, filed a cross motion for "Relief from the Automatic Stay and to Reclaim Property."  Relief from the stay to repossess the ATV was granted.

Three issues remain, including whether a judgment lien against Mr. Kornicki's real property may be avoided under section 522(f) where the

---

[1] The real property was abandoned by the Chapter 7 trustee.

2

underlying debt was incurred as a purchase money security interest ("PMSI"),[2] whether Mrs. Kornicki may avoid Oliphant's judgment lien even though she does not own real estate, and the extent of avoidance available to the debtors on this record.

1.  Avoidance of Judgment Lien Arising from PMSI.

Mr. Kornicki does not seek to avoid Oliphant's consensual PMSI in the ATV. Rather, he seeks to avoid the judicial lien obtained by Oliphant through judicial proceedings to collect on the debt due from him. 11 U.S.C. § 101(36) defines "judicial lien" as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(51) defines "security interest" as a "lien created by an agreement." The Oliphant PMSI in the ATV is a "lien created by an agreement." The lien that Mr. Kornicki seeks to avoid was obtained by judgment. Under section 522(f), the debtor may avoid a judgment lien to the extent that the lien impairs the debtor's exemption. The debtor's opportunity to avoid Oliphant's judgment lien does not interfere with Oliphant's opportunity to move in rem against the ATV on its security interest.

---

[2] The debtors also argue in a subsequent submission that Oliphant's judgment is avoidable as a preference under section 547, because it was entered within ninety days of the petition filing date. An avoidance action under section 547 should be presented by adversary complaint. See Fed.R.Bankr.P. 7001.

A similar issue was presented to the Bankruptcy Court for the Eastern District of Pennsylvania in In re Keating, 16 B.R. 145 (Bankr. E.D. Pa. 1981). In Keating, the creditor argued that its lien should not be avoided to any extent because its lien was a purchase money lien.  The court held that:

> Section 522(f)(1) permits a debtor to avoid any judicial lien which impairs an exemption.  While § 522(f)(2) makes a distinction between purchase money security interests and nonpurchase money security interests, § 522(f)(1) does not.  Furthermore, the definition of a judicial lien given by the Code makes no such distinction either.  Therefore, given the clear language of the Code, we conclude that there is no merit to [the creditor's] assertion that its judicial lien is not avoidable under § 522(f)(1) simply because it is a purchase money judicial lien.

Keating, 16 B.R. at 146 (footnotes omitted).

I conclude that the judicial lien held by Oliphant arising from its enforcement of a PMSI is avoidable by Mr. Kornicki under section 522(f)(1).

2. Judgment Lien Against Mrs. Kornicki.

As noted, Mrs. Kornicki has no ownership interest in the real property titled to Mr. Kornicki.  There is no exemption asserted by Mrs. Kornicki that is impaired by Oliphant's judicial lien and may therefore be avoided under 11 U.S.C. § 522(f).  The motion seeking to avoid Oliphant's judgment lien against

4

Mrs. Kornicki under 11 U.S.C. § 522(f) must be denied.

In In re Hamilton, 286 B.R. 291 (Bankr. N.J. 2002), Judge Lyons was presented with the identical circumstance. The debtor owned no real property at the time her petition was filed and the judgment lien sought to be avoided had not attached to any personal property of the debtor. Under section 522(f), a debtor may avoid the fixing of a judicial lien on any of the debtor's interests in property if the lien impairs an exemption to which the debtor is entitled. 11 U.S.C. § 522(f)(1)(A) (1993 and Supp. 2002); Id. at 292.

> Where a judgment has not become a lien on any of the debtor's property at the filing of the bankruptcy petition, Section 522(f) cannot apply. "[L]ien avoidance ... cannot occur if there is no lien which has attached to the Debtor's property *as of the time of the bankruptcy filing* which is subject to avoidance." In re Flowers, 1998 WL 191425, No. 93-30759DAS, at *1 (Bankr. E.D.Pa. Apr. 17, 1998) (emphasis added).

Id. at 293. Here, as in Hamilton, the Oliphant judgment did not become a lien on any of the debtor's property at the time of the bankruptcy filing. Therefore, the judgment does not impair Mrs. Kornicki's exemptions in any way.

In Hamilton, Judge Lyons recognized that although section 522(f) is unavailing to the debtor, section 524 of the Bankruptcy Code voids any

judgment of any court that violates the bankruptcy discharge, and enjoins the continuation of collection activity of any discharged debt. Id. Because section 524(a)(1) operates automatically to release a debtor's personal liability on any judgment based on a dischargeable obligation, "it is unnecessary to issue a 'comfort order' to protect the hypothetical real property that a debtor may acquire post-petition." Id. (citation omitted). As well, the debtor may resort to the state court upon the one-year anniversary of her discharge to remove Oliphant's judgment from the state record books under N.J.S.A. § 2A:16-49.1. Id. at 293-94.

I agree with Judge Lyons that as a general matter, no comfort order is necessary to confirm the avoidance of a judgment under section 524(a). Nevertheless, I will issue such a comfort order in this case to confirm that the Oliphant judgment against Mrs. Kornicki is voided by operation of law under section 524(a). The issue was not raised by the objector or by the court, and the debtor had no opportunity to be heard on the issue. On this record, I will not require the debtor to move in state court for the relief that she is entitled to and may be afforded here. Accordingly, I will enter an order recognizing that the Oliphant judgment as to Mrs. Kornicki may be voided and released of record.

3.   Extent of Avoidance Available to Mr. Kornicki.

11 U.S.C. § 522(d)(1) exempts, as the federal homestead exemption: "[t]he debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor." 11 U.S.C. § 522(f)(2) sets forth the calculation by which any impairment of a debtor's exemptions by liens avoidable under section 522(f)(1) is to be measured:

> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
> 
>    (i) the lien;
> 
>    (ii) all other liens on the property; and
> 
>    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> 
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
> 
> (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.
> 
> (C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

According to the debtors' Schedule C, the real estate owned by Mr. Kornicki has a fair market value of $180,000.00, and is encumbered by two mortgages totaling $155,342.00, leaving $24,657.70 in equity in the marital home.

The calculation required under section 522(f)(2) to determine the extent to which Oliphant's judgment lien impairs the debtors' exemptions is as follows:[3]

| | |
|---|---|
| $ 11,449.60 | Oliphant's judgment lien |
| +$155,342.30 | Mortgages |
| +$ 18,450.00 | Mr. Kornicki's exemption |
| $185,241.90 | |

The sum of the liens against the property and the debtor's exemption exceeds the value that the debtors' interest in the property would have in the absence of any liens ($180,000) by $5,241.90. Oliphant's judgment lien may therefore be avoided to the extent of $5,241.90, reducing the amount remaining due on the judgment lien to $6,207.70.[4]

---

[3] The debtors' suggestion that costs of sale may be included in calculating the extent to which a judgment lien impairs the debtor's exemption must be rejected. In re Windfelder, 82 B.R. 367, 372 (Bankr. E.D.Pa. 1988); see also In re Abrahimzadeh, 162 B.R. 676, 678 (Bankr. D.N.J. 1994).

[4] The other liens that have been avoided by the debtor, held by Capital Bank One and Laridian Consulting, may not be considered in

To recap, I conclude as follows:

1. Mr. Kornicki may avoid the Oliphant judgment lien against his property under 11 U.S.C. § 522(f)(1) to the extent of $5,241.90, leaving $6,207.90 remaining due.

2. Mrs. Kornicki may not avoid the Oliphant judgment under 11 U.S.C. § 522(f), but may have an order voiding the Oliphant judgment by operation of law under 11 U.S.C. § 524(a).

Debtors' counsel shall submit an order in conformance with this opinion.

Very truly yours,

JUDITH H. WIZMUR
CHIEF U.S. BANKRUPTCY JUDGE

JHW:tob

---

calculating the impairment under section 522(f)(2)(A). See 11 U.S.C. § 522(f)(2)(B).